UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. MITAN,

    Plaintiff,                                  Case No. 13-13598
                                            Hon. Patrick J. Duggan

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff Keith J. Mitan, proceeding *pro se* as Personal Representative of the Estate of Frank J. Mitan, has moved this Court to remand the instant residential foreclosure action back to the Oakland County Circuit Court, in Oakland County, Michigan, on the basis that Defendant Wells Fargo Bank, N.A. failed to file a timely notice of removal pursuant to 28 U.S.C. § 1446. The motion has been fully briefed. Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated herein, the Court denies Plaintiff's Motion.

Title 28 U.S.C. § 1446 provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial

>pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Plaintiff contends that Defendant was served with the summons and complaint by the Sheriff of Minnehaha County, South Dakota on April 22, 2013, and has attached an Affidavit of Service reflecting such service to his Motion to Remand. (Aff. of Service. attach. to Mot. Remand Ex. A.) Because the removal statute provides defendants with thirty days to file a notice of removal, Plaintiff argues that Defendant's August 20, 2013 notice of removal is untimely and that remand is therefore proper. Defendant argues that the April 22, 2013 service was improper and, as a result, the thirty-day period to remove the lawsuit did not commence on this date.

Federal Rule of Civil Procedure 4(h) specifies how service is to be effectuated on corporations. The Rule provides two methods for serving a corporation that has not filed a waiver: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(1) allows service to be made by "following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).  In the present action, to constitute proper service under Rule 4(e)(1), service must comply with either Michigan law ("the state where the district court is located") or South Dakota law ("where service is made[]").  Fed. R. Civ. P. 4(e)(1).

Michigan's service rule regarding service on a corporation (as relevant here) provides that service of process on a corporation may be made by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent; [or]
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation[.]

Mich. Ct. R. § 2.105(D).

The analogous rule in South Dakota provides:

> If the action is against a business entity, on the president, partner or other head of the entity, officer, director, or registered agent thereof. If any of the above cannot be conveniently found, service may be made by leaving a copy of the summons and complaint at any office of such business entity within this state, with the person in charge of such office[.]

S.D. Ct. R. § 15-6-4(d)(1).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros.,*

3

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1326 (1999). In accordance with this longstanding tradition, precedent from the Supreme Court of the United States holds that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 348, 119 S. Ct. at 1325. The "formal service" just described refers to the process of delivering service as set forth in either the federal or state rules delineating how service is to be made.

The Affidavit of Service attached to Plaintiff's Motion to Remand indicates that "Dennis Pottebaum, Cert Civil Proce, Sheriff of Minnehaha County, South Dakota[]" served Defendant on April 22, 2013 "by delivering and leaving a true copy [of the summons and complaint] with Cindy Stepp Admin Asst[.]" (Aff. of Service. attach. to Mot. Remand Ex. A at 2 (capital lettering removed).) Ms. Stepp is not an officer, resident agent, director, trustee, president, partner, other head of the entity, or the person in charge of an office or business establishment of the corporation such that service upon her constituted proper service pursuant to either Michigan Court Rule § 2.105(D)(1)-(2) or South Dakota Court Rule § 15-6-

4

4(d)(1).[1] Further, Plaintiff makes no claim that Ms. Stepp is "authorized by appointment or law to receive service of process" such that service upon her rendered service proper under Rule 4(h)(1)(B). Plaintiff's contention that Ms. Stepp's execution of an "Acknowledgment of Service" informed Defendant of the action is without merit as the rules regarding service of process have not been satisfied. (Pl.'s Mot. 4.)

For the reasons set forth above, the Court finds that Defendant was not properly served with the summons and complaint such that the thirty-day period to file a notice of removal commenced.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

Dated: November 25, 2013             s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
Keith J. Mitan
P.O. Box 251597
West Bloomfield, MI 48325

Matthew J. Boettcher, Esq.
Patrick C. Lannen, Esq.

---

[1] Further, Plaintiff does not argue that he sent the summons and "copy of the complaint by registered mail, addressed to the principal office of the corporation[]" as required by Michigan Court Rule § 2.105(D)(2).