UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J MITAN, *as Personal Representative of the Estate of Frank J. Mitan*,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No. 13-13598

Hon. Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION AND DISMISSING THE ACTION WITH PREJUDICE

Plaintiff Keith J. Mitan, a *pro se* litigant, initiated the present residential mortgage foreclosure action against Defendant Wells Fargo Bank, N.A. in state court seeking redress from a foreclosure that was purportedly unlawful under the laws of the State of Michigan. Defendant removed the case to this Court, invoking diversity of citizenship as the basis for federal jurisdiction.

Plaintiff's pleading contains two counts: Count I – Quiet Title and Count II – Injunctive Relief.  Presently before the Court is Defendant's "Motion to Dismiss Amended Complaint," filed pursuant to Federal Rule of Civil Procedure 12(c). The motion has been fully briefed.  Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated herein, the Court will grant Defendant's Motion and dismiss Plaintiff's Amended Complaint with prejudice.

# I.    BACKGROUND

## A.    Mortgage and Foreclosure

On February 22, 2009, Plaintiff refinanced his then existing mortgage loan that encumbered a parcel of real property commonly known as 30943 Club House Lane, Farmington, Michigan by accepting a $175,000 loan from DiTech Funding Corporation. (Mortgage, Def.'s Mot. Ex. 1.) The mortgage was recorded with the Oakland County Register of Deeds on March 2, 1999 in Liber 19622, page 879. (*Id.*) On October 21, 2000, DiTech assigned the mortgage to Norwest Mortgage, Inc., which was the predecessor by merger to Defendant.[1] (Assignment, Def.'s Mot. Ex. 2.)

Plaintiff eventually defaulted on his loan obligations by failing to remit timely payments. Plaintiff's pleading does not admit the default outright; however, Plaintiff complains of a violation of Michigan's loan modification statute, which serves an implicit acknowledgment that Plaintiff was unable to keep up with his obligations pursuant to the loan agreement.

---

[1] Plaintiff alleges that Defendant "allegedly purchased Norwest's interest in [the] mortgage, but no assignment of that mortgage to Wells Fargo has ever been recorded." (Am. Compl. ¶ 7.) Defendant explains that Norwest merged with Wells Fargo Home Mortgage, Inc. (Def.'s Br. 2.)

In early August of 2009, Defendant's foreclosure counsel mailed a notice to Plaintiff apprising him of his right to request a meeting to discuss a potential modification of the existing mortgage, as required by Michigan Compiled Laws §§ 600.3204 and 600.3205a-e.  (Am. Compl. ¶ 8.)  Plaintiff requested a meeting and alleges that he submitted the materials requested by Defendant to facilitate a loan modification.  (*Id.* ¶¶ 9-10.)  After supplying this information, Defendant advised Plaintiff "that he had been pre-approved for a loan modification."  (*Id.* ¶ 10.) However, on January 22, 2010, Defendant reversed course, sending Plaintiff a letter informing him that the bank was "unable to adjust the terms of your mortgage."[2]  (*Id.* ¶ 11.)

As a consequence of Plaintiff's default, as well as Plaintiff's inability to secure a loan modification, Defendant instituted foreclosure by advertisement proceedings pursuant to Michigan's statutory scheme on January 5, 2010.  (Am. Compl. ¶ 12.)  A sheriff's sale was held on February 2, 2010, and the Property was sold to non-party Federal Home Loan Mortgage Corporation ("Freddie Mac"). (Sheriff's Deed, Def.'s Mot. Ex. 9.)  The deed issued at the sheriff's sale was recorded with the Oakland County Register of Deeds on February 9, 2010 in Liber 41833, page 540.  (*Id.*)

---

[2] Defendant has submitted a copy of this letter, which provides: "This decision was made because you did not provide us with all of the information needed within the time frame required per your trial modification period workout plan."  (1/22/10 Letter, Def.'s Mot. Ex. 8.)

The six-month period for Plaintiff to redeem the Property expired on August 2, 2010, with Plaintiff failing to redeem. On that date, all legal right and interest in and to the Property vested in Freddie Mac. Mich. Comp. Laws § 600.3236.

**B.    First Lawsuit**

On July 19, 2010, Plaintiff filed a virtually identical lawsuit involving the same parcel of real property in the Oakland County Circuit Court against Freddie Mac. Freddie Mac removed the lawsuit to the United States District Court for the Eastern District of Michigan and the case was assigned to the Honorable Bernard A. Friedman and then-Magistrate Judge Mark A. Randon (who has since become a United States Bankruptcy Judge). *Mitan v. Fed. Home Loan Mortgage Corp.*, No. 10-13286 (E.D. Mich.). On October 12, 2010, Judge Friedman granted Freddie Mac's summary judgment motion. An appeal followed.

The United States Court of Appeals for the Sixth Circuit reversed Judge Friedman's grant of summary judgment, and remanded the matter to the district court. *Mitan v. Federal Home Loan Mortgage Corp.*, 703 F.3d 949, 953 (6th Cir. 2012) ("*Mitan I*"). The the Sixth Circuit explained that Michigan's loan modification statute imposes various requirements with respect to the negotiation of loan modifications and held that a lender's failure to comply with the requirements rendered the foreclosure by advertisement void *ab initio*. Nine days later, the Michigan Supreme Court abrogated *Mitan I*, holding that a foreclosure

4

procedure infected with fraud or irregularity results in "a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (Mich. 2012); *see also Mourad v. Homeward Residential, Inc.*, 517 F. App'x 360, 367 (6th Cir. 2013) (recognizing that the Michigan Supreme Court's decision in *Kim* abrogated *Mitan*'s holding).

On remand, Judge Friedman once again entered summary judgment in favor of Freddie Mac, and later denied Plaintiff's motion for relief from judgment.

## C.    The Instant Action

On January 31, 2013, Plaintiff filed a new complaint relating to the property at issue in Judge Friedman's case in the Oakland County Circuit Court, naming Wells Fargo as a defendant instead of Freddie Mac.[3]   Defendant removed the action to this Court, filing its notice of removal on August 20, 2013.   On September 19, 2013, Plaintiff filed a Motion to Remand the proceedings back to the state court, arguing that Defendant did not timely remove the action.  (ECF No. 4.)  In an Order dated November 25, 2013, the Court denied Plaintiff's Motion to Remand, finding that Defendant was not properly served with the summons and

---

[3] Plaintiff explains that he filed this second action after the Sixth Circuit remanded *Mitan I* because leave to amend to add Wells Fargo as a party was previously denied in Judge Friedman's case.  What Plaintiff fails to mention is that Magistrate Judge Randon's report and recommendation (R&R), which Judge Friedman adopted, deemed the proposed amendment futile.  Further, Plaintiff does not explain why he did not seek leave to amend once the case had been remanded, as the basis for Magistrate Judge Randon's futility finding was, at least for a nine-day period, rendered questionable in light of the Sixth Circuit's holding in *Mitan I*.

complaint, and, therefore, that the thirty-day period in which to file a notice of removal pursuant to 28 U.S.C. § 1446 did not commence on the date Plaintiff insisted.  (ECF No. 13.)

On October 23, 2013, before the Court issued its decision denying Plaintiff's remand motion, Plaintiff filed his First Amended Complaint.  (ECF No. 10.) Defendant filed its Motion to Dismiss Amended Complaint on November 6, 2013.[4] (ECF No. 11.)  This motion has been fully briefed.

## D.     Post-Removal Procedural Matters

On December 2, 2013, Plaintiff filed a Motion to Reassign Case.  (ECF No. 14.)  This was the first time Plaintiff indicated that the case was a companion to Judge Friedman's case, in contravention of Eastern District of Michigan Local Rule 83.11.  Despite Plaintiff's omission, the Court contacted Judge Friedman to

---

[4] Defendant's Motion, which is labeled as a motion to dismiss, contains standards of review for both motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and summary judgment under Rule 56.  The reason for this appears to be because Defendant filed an Answer to Plaintiff's original complaint.  (ECF No. 6.)  Perhaps recognizing that a post-answer motion to dismiss is properly brought pursuant to Rule 12(c), Defendant cites this as one of the pertinent legal standards.  *See* 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the pleadings . . . must be used.").  Defendant never answered to Plaintiff's First Amended Complaint, and, as such, a motion to dismiss pursuant to Ruler 12(b)(6) would have been appropriate.  Irrespective of which motion should have been filed, federal courts review motions for judgment on the pleadings brought pursuant to Rule 12(c) using the standards applicable to Rule 12(b)(6) motions. *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012).  Thus, any error in this regard is inconsequential.

determine if he would accept reassignment, and he answered in the affirmative. As such, the case was reassigned to Judge Friedman (and then-Magistrate Judge Randon) on December 6, 2013. (ECF No. 16.) Three days later, Judge Friedman issued an Order disqualifying himself from the action pursuant to 28 U.S.C. § 455, and further ordering that "in accordance with [Local Rule] 83.11(d), this case be reassigned by blind draw to another judge of this court." (ECF No. 17.) The Honorable Paul D. Borman drew the case and the matter was reassigned to him. On September 9, 2014, Judge Borman issued an Order reassigning the case to the undersigned, explaining that when Judge Friedman disqualified himself, "the case should have been returned to the originally assigned judge[.]" (ECF No. 20.)

## II.     GOVERNING LEGAL STANDARD

Federal courts review motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) using the standards applicable to motions filed under Rule 12(b)(6). *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012). Though litigants employ these procedural mechanisms at different stages of the proceedings, the purpose of both motions is to test the legal sufficiency of a plaintiff's pleadings. Thus, as with Rule 12(b)(6) motions, a Rule 12(c) motion allows a court to make an assessment as to whether a plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

As articulated by the Supreme Court of the United States, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)).  This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965.   Even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted).

While courts are required to accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

8

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (reaffirming rule of more liberal construction of *pro se* complaints less than two weeks after issuing *Twombly*).

In addition to evaluating the sufficiency of the factual allegations within the four corners of a complaint, courts may consider any exhibits attached to the complaint, matters of public record, and exhibits attached to a defendant's 12(b)(6) motion, provided that the latter are referred to in the complaint and are central to the claims therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). In the present case, the Court has considered documents attached to Defendant's Motion, as they have been referred to in Plaintiff's First Amended Complaint and are central to the claims asserted therein.

### III.   ANALYSIS

Plaintiff's First Amended Complaint contains two counts: Count I – Quiet Title and Count II – Injunctive Relief. Defendant seeks dismissal of both counts on the following grounds: (1) Plaintiff's pleading fails to state a claim upon which relief can be granted; (2) the "first to file" or "first-filed rule" requires the Court to

give full effect to Judge Friedman's judgment in the companion case; and (3) Plaintiff, who is proceeding *pro se*, purports to be the personal representative of the Estate of Frank J. Mitan but is not a beneficiary of the Estate, and, in any event, may not represent anyone's interest other than his own because he is not licensed to practice law, *see* 28 U.S.C. § 1654.  Because the Court concludes that the first argument is dispositive, it declines to address Defendant's remaining contentions.

**A.     General Principles Governing Foreclosures by Advertisement**

Foreclosures by advertisement, such as the foreclosure at issue in this case, as well as the rights of both the mortgagor and mortgagee after a foreclosure sale has occurred, are governed by Michigan statutory law.  *See, e.g.*, *Senters v. Ottawa Sav. Bank, F.S.B.*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (Mich. 1993); *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (applying Michigan law) (citation omitted).

Pursuant to Michigan law, a mortgagor has six months from the date of the sheriff's sale to redeem foreclosed property.  Mich. Comp. Laws § 600.3240(8). Significant consequences flow from a mortgagor's failure to redeem prior to the expiration of the statutory redemption period: the mortgagor's "right, title, and interest in and to the property" are extinguished, *Piotrowski v. State Land Office Board*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942), and the deed issued at the sheriff's sale "become[s] operative, and [] vest[s] in the grantee named

therein . . . all the right, title, and interest [] the mortgagor had[,]"  Michigan Compiled Laws § 600.3236.  This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently by state and federal courts alike to bar former owners from making any claims with respect to a foreclosed property after the statutory redemption period has lapsed.

There is one caveat to the general rule described above: after the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff-mortgagor makes "a clear showing of fraud, or irregularity[.]" *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969); *Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643).  In order to satisfy this standard, a plaintiff-mortgagor's pleading must allege misconduct related to the foreclosure procedure itself.  *Conlin*, 714 F.3d at 360; *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (Mich. 1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

11

If fraud or irregularity is shown in connection to the foreclosure procedure, the result is "a foreclosure that is voidable, not void *ab initio*." *Kim*, 493 Mich. at 115, 825 N.W.2d at 337. In order "to set aside the foreclosure sale, [a] plaintiff[] must show that they were prejudiced by defendant's failure to comply" with Michigan's foreclosure by advertisement statute. *Id.*; *Conlin*, 714 F.3d at 361. "To demonstrate such prejudice, [a plaintiff] must show that [he or she] would have been in a better position to preserve [his or her] interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich. at 115-16, 825 N.W.2d at 337 (footnote omitted).

**B.      Setting Aside the Foreclosure Sale**

Because the redemption period in the present case expired years ago, and because Plaintiff seeks an order from this Court rescinding the deed issued at the sheriff's sale, the Court must analyze Plaintiff's claims within the fraud or irregularity framework outlined above. Thus, the Court must decide whether, under Michigan law, the foreclosure sale can be set aside, or is voidable, on the facts alleged. The answer to this inquiry is no. Upon review, neither count within Plaintiff's First Amended Complaint even arguably constitutes fraud or irregularity in connection with the foreclosure procedure, rendering the action both factually and legally frivolous. As the discussion that follows will illustrate, there are several bases for this conclusion.

12

Plaintiff complains of a violation of the loan modification statute and seeks full title to the Property as a result of the alleged violation. However, failure to comply with the loan modification statute does not constitute a showing of fraud or irregularity in the foreclosure procedure. *See, e.g.*, *Williams v. Pledged Property II, L.L.C.*, 508 F. App'x 465, 468 (6th Cir. 2012) ("Despite the fact that [loan] negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself."). Further, to the extent Plaintiff seeks relief for Defendant's purported noncompliance with Michigan's loan modification procedures on the basis that such noncompliance constitutes a structural defect rendering the foreclosure void *ab initio*, the Court notes that such a theory was explicitly rejected by the Michigan Supreme Court in *Kim*. 493 Mich. at 115, 825 N.W.2d at 337.

Further still, the loan modification statute "does not permit the Court to set aside a completed foreclosure sale." *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) Rather, the statute provides for a specific remedy in cases where a foreclosure by advertisement is commenced in violation of the loan modification statute: "the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8); *Block v. BAC Home Loans Serv., L.P.*, 520 F.

App'x 339, 340-41 (6th Cir. 2013) ("[T]he remedy for a breach of the loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure.'") (citation omitted); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (rejecting the plaintiffs' loan modification claim and further explaining that the plaintiffs "appear to have missed the boat regarding the applicability of this statute, which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert").

In the present case, the foreclosure is complete and the redemption period expired on August 2, 2010. Plaintiff did not avail himself of his right to redeem and upon expiration of that right, all of his rights in and to the Property were extinguished and the deed issued at the sheriff's sale became operative, vesting in the grantee, Freddie Mac, all of the rights in and to the Property that Plaintiff previously had. *Piotrowski*, 302 Mich. at 187, 4 N.W.2d at 517; Mich. Comp. Laws § 600.3236. Simply stated, there is simply no basis in law or equity to unwind the foreclosure.

Plaintiff's individual counts fare no better, as neither quiet title nor injunctive relief are independent causes of action; rather, they are remedies. In Count I, Plaintiff asks this Court to quiet title to the Property in his favor. Quiet

14

title actions are remedies, not independent causes of action.  *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 928-29 (6th Cir. 2013) (per curiam) (affirming district court's dismissal of the plaintiff's quiet title count on this basis).  Michigan law does, however, provide a statutory mechanism for quieting title, which the Court addresses in the interest of completeness.

Michigan Compiled Laws § 600.2932(1) provides, in pertinent part: "Any person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims  . . . [an inconsistent interest]."  This statutory language requires a plaintiff seeking to quiet title to establish a substantive right in the property superior to others claiming an inconsistent interest.  *Beach v. Twp. of Lima*, 489 Mich. 99, 110, 802 N.W.2d 1, 8 (Mich. 2011).  Plaintiff bears the initial burden of proof and must establish a prima facie case of title.  *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984) (citation omitted).  "Establishing a prima facie case of title requires a description of the chain of title through which ownership is claimed."  *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.).

Plaintiff has not alleged facts establishing a prima facie case of title. Nowhere in his First Amended Complaint does Plaintiff mention anything even closely resembling the chain of title through which ownership is claimed.  Of

15

greater import, "Plaintiff does not contest that he failed to pay and defaulted on the loan. He provides no allegations to indicate that he has a plausible claim of ownership superior to the Bank's." *Rydzewski v. Bank of N.Y. Mellon*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *10 (E.D. Mich. Sept. 12, 2012) (Cohn, J.). Ironically, Plaintiff's First Amended Complaint supports a finding that Freddie Mac (the purchaser of the Property at the sheriff's sale) has superior title to the Property based on the sheriff's sale and expiration of the redemption period.

In Count II, Plaintiff asks for injunctive relief, specifically requesting "that this Court enjoin [Defendant] . . . , from taking any action based upon [the] Sheriff's Deed." Plaintiff has alleged neither facts nor a legal basis supporting application of this remedy. Because Plaintiff has not stated a single viable claim, he has not shown an entitlement to any form of relief.

The final basis for this Court's conclusion that Plaintiff's lawsuit must be dismissed is that Plaintiff makes no effort to explain why an action to quiet title has been brought against Defendant, as Defendant does not have title to, or claim any ownership interest in, the Property. Rather, as the purchaser of the Property at the sheriff's sale and the entity named in the sheriff's deed, Freddie Mac would be the proper party to name in a quiet title action. Plaintiff availed himself of this opportunity in his case before Judge Friedman, which has proceeded to judgment,

16

and did not emerge victorious.  This Court has neither the authority nor the desire to dispute Judge Friedman's ruling.

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the Court concludes that Plaintiff's First Amended Complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  A Plaintiff seeking to prevent dismissal pursuant to Rule 12 must plead facts sufficient to show that a redressable legal wrong has been committed and that the named defendant committed it.  *Flanory  v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) ("A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations.").  This Plaintiff has failed to do.  The law is settled and establishes that Plaintiff is not entitled to any form of relief sought in his First Amended Complaint.

Accordingly,

**IT IS ORDERED** that Defendant's Motion (ECF No. 11) is **GRANTED** and Plaintiff's First Amended Complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE**.

Dated: December 22, 2014

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

17

Copies to:

**Keith J Mitan**
P.O. Box 251597
West Bloomfield, MI 48325

**Matthew J. Boettcher, Esq.**
**Patrick C. Lannen, Esq.**