UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. MITAN, *as Personal Representative of the Estate of Frank J. Mitan*,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No. 13-cv-13598

Hon. Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL

This action involves a challenge to a residential foreclosure-by-advertisement conducted pursuant to Michigan law. On December 22, 2014, the Court entered an Opinion and Order and Judgment granting Defendant Wells Fargo Bank, N.A.'s motion to for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismissing Plaintiff Keith J. Mitan's two-count complaint, which sought injunctive relief and to quiet title. *Mitan v. Wells Fargo Bank, N.A.*, No. 13-13598, 2014 U.S. Dist. LEXIS 175981 (E.D. Mich. Dec. 22, 2014) (Duggan, J.). Presently before the Court is Plaintiff's motion to stay pending appeal pursuant to Federal Rule of Appellate Procedure 8(a). The motion has been fully briefed. Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument

pursuant to Local Rule 7.1(f)(2). For the reasons stated herein, the Court denies Plaintiff's motion.

## I. BACKGROUND[1]

Plaintiff accepted a loan from DiTech Funding Corporation and, in exchange, executed a promissory note secured by a mortgage on property located at 30943 Club House Lane, Farmington, Michigan. The mortgage was subsequently assigned to Norwest Mortgage, Inc., which was the predecessor by merger to Defendant. Plaintiff eventually defaulted on his loan obligations by failing to remit timely payments and unsuccessfully sought a loan modification.

As a consequence of Plaintiff's default, as well as Plaintiff's inability to secure a loan modification, Defendant instituted foreclosure by advertisement proceedings pursuant to Michigan's statutory scheme on January 5, 2010. A sheriff's sale was held on February 2, 2010, and the property was sold to non-party Federal Home Loan Mortgage Corporation ("Freddie Mac").

The six-month statutory redemption period expired on August 2, 2010, with Plaintiff having failed to redeem. Mich. Comp. Laws § 600.3240(8). Pursuant to Michigan Compiled Laws § 600.3236, all legal right and interest to the foreclosed

---

[1] The Court only addresses the facts as relevant to the motion for stay pending appeal. A more detailed recitation of the facts is set forth in the Court's December 22, 2014 Opinion and Order. *See Mitan v. Wells Fargo Bank, N.A.*, No. 13-13598, 2014 U.S. Dist. LEXIS 175981 (E.D. Mich. Dec. 22, 2014) (Duggan, J.).

2

property vested in Freddie Mac – the entity that purchased the property at the sheriff's sale.

After unsuccessfully challenging the foreclosure by way of a lawsuit against Freddie Mac, Plaintiff filed a second lawsuit against Defendant, which gave rise to the Opinion and Order and Judgment Plaintiff now seeks to stay while pursuing an appeal. In this second lawsuit, Plaintiff sought equitable relief, claiming that Defendant violated Michigan's loan modification statute and that the foreclosure was a legal nullity as a result of the alleged violation.

In an Opinion and Order dated December 22, 2014, the Court concluded that Plaintiff's claim of a violation in connection with Michigan's loan modification statute did not constitute a fraud or irregularity in connection with the foreclosure procedure and that, as a result, Plaintiff was not entitled to rescind the deed issued at the sheriff's sale.

On January 5, 2015, Plaintiff filed a motion to stay pending appeal pursuant to Federal Rule of Appellate Procedure 8(a). Defendant responded on January 19, 2015. Plaintiff filed a notice of appeal on January 21, 2015.

## II. GOVERNING LEGAL STANDARD

Federal Rule of Appellate Procedure 8(a) provides that a party seeking to stay a judgment or order of a district court pending appeal must ordinarily move first in the district court. Fed. R. App. P. 8(a)(1)(A). The Sixth Circuit considers

the same four factors as are considered for preliminary injunctions when evaluating a stay pending appeal under this rule:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*SEIU Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153. The moving party has the burden of demonstrating entitlement to a stay. *SEIU Local 1*, 698 F.3d at 343 (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)).

### III.   ANALYSIS

Though the factors are the same for both preliminary injunctions and stays pending appeal, the balancing process varies due to the different procedural postures. *Greipentrog*, 945 F.2d at 153. As another judge in this district has succinctly stated:

> A motion for stay pending appeal is made after [] the court has fully considered the merits of the case. *Id.* As a result, a movant seeking a stay pending appeal will have a greater difficulty in demonstrating a likelihood of success on the merits. A party seeking a stay must demonstrate that "there is a likelihood of reversal." *Id.* This high standard is justified because "there is a reduced probability of error, at

> least with respect to a court's findings of fact, because the district court had the benefit of a complete record. . . ." *Id.*
>
> However, to justify the granting of a stay, a movant need not always establish a high probability of success on the merits. *Ohio ex rel. Celebrezze*, 812 F.2d 288, 290 (6th Cir.1987). Rather, "[t]he probability of success on the merits that must be shown is inversely proportional to the degree of irreparable injury the plaintiff[] will suffer absent the stay." *Id.* This means that a stay may be granted with either a high probability of success on the merits and some irreparable injury, or serious questions going to the merits and "irreparable harm which decidedly outweighs any potential harm to the defendant if a stay is issued." *Id.* (citation omitted). Mere possibility of success on the merits is not sufficient. *Id.*

*Casasanta v. Fannie Mae*, No. 12-cv-10108, 2013 U.S. Dist. LEXIS 34047, at *3-4 (E.D. Mich. Mar. 8, 2013) (Rosen, C.J.).

With respect to the first stay consideration, the Court's December 22, 2014 Opinion and Order characterized Plaintiff's claim that a violation of the loan modification statute renders a subsequent foreclosure void *ab initio* as "factually and legally frivolous." Indeed, the Court pointed to Sixth Circuit authority holding that a lender's failure to comply with the loan modification statute does not constitute a showing of fraud or irregularity in the foreclosure procedure. *See, e.g.*, *Williams v. Pledged Property II, L.L.C.*, 508 F. App'x 465, 468 (6th Cir. 2012) ("Despite the fact that [loan] negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself."). The Court also noted that the Michigan Supreme Court explicitly rejected the argument that a lender's noncompliance with the loan modification

5

statute renders the foreclosure void. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (Mich. 2012). Mindful that Plaintiff was proceeding pro se, the Court went further, explaining that the loan modification statute "does not permit the Court to set aside a completed foreclosure sale." *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.); *Block v. BAC Home Loans Serv., L.P.*, 520 F. App'x 339, 340-41 (6th Cir. 2013) ("[T]he remedy for a breach of the loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure.'") (citation omitted); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (rejecting the plaintiffs' loan modification claim and further explaining that the plaintiffs "appear to have missed the boat regarding the applicability of this statute, which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert"). The upshot of the above-cited authority is that the likelihood of reversal on appeal is very low. This factor weighs against granting a stay pending appeal.

As for the second consideration, which entails an assessment of irreparable harm, Plaintiff indicates that because real property is unique, a loss of the property is sufficient to demonstrate irreparable harm. Assuming *arguendo* that Plaintiff

6

has sufficiently demonstrated irreparable harm, Plaintiff seeks to enjoin Defendant "from taking any action based upon [the] Sheriff's Deed." (Pl.'s Mot. 3.) However, Defendant does not possess title to or claim any interest in the property at issue. Non-party Freddie Mac holds the deed and would not be bound by the stay were the Court inclined to grant one. This factor also weighs against granting a stay pending appeal.

Because the two primary considerations in the stay analysis weigh against granting Plaintiff the relief he seeks, the Court need not address the remaining two considerations.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's motion must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for stay pending appeal is **DENIED**.

Dated: March 25, 2015

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
**Keith J Mitan**
P.O. Box 251597
West Bloomfield, MI 48325
**Jeffrey C. Gerish, Esq.**
**Matthew J. Boettcher, Esq.**
**Patrick C. Lannen, Esq.**