UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. MITAN, *as Personal Representative of the Estate of Frank J. Mitan*,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No. 13-cv-13598

Hon. Patrick J. Duggan

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND COMPLAINT AND ALTER OR AMEND JUDGMENT**

    This action involves a challenge to a residential foreclosure-by-advertisement conducted pursuant to Michigan law. On December 22, 2014, the Court entered an Opinion and Order and Judgment granting Defendant Wells Fargo Bank, N.A.'s motion to for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismissing Plaintiff Keith J. Mitan's two-count complaint, which sought injunctive relief and to quiet title. *Mitan v. Wells Fargo Bank, N.A.*, No. 13-13598, 2014 U.S. Dist. LEXIS 175981 (E.D. Mich. Dec. 22, 2014) (Duggan, J.). Presently before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) or, in the

alternative, for leave to amend complaint and alter or amend judgment pursuant to Rule 59(e). The motion has been fully briefed. Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated herein, the Court denies Plaintiff's motion.

## I. BACKGROUND [1]

Plaintiff accepted a loan from DiTech Funding Corporation and, in exchange, executed a promissory note secured by a mortgage on property located at 30943 Club House Lane, Farmington, Michigan. The mortgage was subsequently assigned to Norwest Mortgage, Inc., which was the predecessor by merger to Defendant. Plaintiff eventually defaulted on his loan obligations by failing to remit timely payments and unsuccessfully sought a loan modification.

As a consequence of Plaintiff's default, as well as Plaintiff's inability to secure a loan modification, Defendant instituted foreclosure by advertisement proceedings pursuant to Michigan's statutory scheme on January 5, 2010. A sheriff's sale was held on February 2, 2010, and the property was sold to non-party Federal Home Loan Mortgage Corporation ("Freddie Mac").

---

[1] The Court only addresses the facts as relevant to the motion for stay pending appeal. A more detailed recitation of the facts is set forth in the Court's December 22, 2014 Opinion and Order. *See Mitan v. Wells Fargo Bank, N.A.*, No. 13-13598, 2014 U.S. Dist. LEXIS 175981 (E.D. Mich. Dec. 22, 2014) (Duggan, J.).

The six-month statutory redemption period expired on August 2, 2010, with Plaintiff having failed to redeem. Mich. Comp. Laws § 600.3240(8). As a result, and pursuant to Michigan Compiled Laws § 600.3236, all legal right and interest to the foreclosed property vested in Freddie Mac – the entity that purchased the property at the sheriff's sale.

After unsuccessfully challenging the foreclosure by way of a lawsuit against Freddie Mac, Plaintiff filed a second lawsuit against Defendant, which gave rise to the Opinion and Order and Judgment from which Plaintiff now seeks relief. In this second lawsuit, Plaintiff claimed that Defendant violated Michigan's loan modification statute and that the foreclosure was, therefore, a legal nullity. As relief, Plaintiff sought to quiet title in his favor and sought injunctive relief.

In an Opinion and Order dated December 22, 2014, the Court concluded that Plaintiff's complaint failed to state a viable legal claim because even if Defendant violated the procedures set forth in the loan modification statute, any such violation did not constitute a fraud or irregularity in connection with the foreclosure procedure, as required to set aside the foreclosure sale. Specifically, the Court noted authority standing for the proposition that a mortgagee's failure to comply with the loan modification statute does not constitute a showing of fraud or irregularity in the foreclosure procedure. *See, e.g.*, *Williams v. Pledged Property II, L.L.C.*, 508 F. App'x 465, 468 (6th Cir. 2012) ("Despite the fact that [loan]

3

negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself."). The Court further explained that Plaintiff should no longer advance the argument that noncompliance with the loan modification statute renders a related foreclosure void *ab initio*, noting that the theory was explicitly rejected by the Michigan Supreme Court. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (Mich. 2012).

The Court further noted that the loan modification statute "does not permit the Court to set aside a completed foreclosure sale." *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) Rather, the statute provides for a specific remedy in cases where a foreclosure by advertisement is commenced in violation of the loan modification statute: "the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8); *Block v. BAC Home Loans Serv., L.P.*, 520 F. App'x 339, 340-41 (6th Cir. 2013) ("[T]he remedy for a breach of the loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure.'") (citation omitted); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (rejecting the plaintiffs' loan modification claim and further explaining that the plaintiffs "appear to have missed

4

the boat regarding the applicability of this statute, which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert").

Based on the foregoing authority, the Court dismissed Plaintiff's complaint with prejudice. Plaintiff now seeks relief from the judgment entered in conjunction with the dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6). In the alternative, Plaintiff asks the Court to alter or amend the judgment pursuant to Rule 59(e) and that the Court permit him to amend his complaint.

## II.   ANALYSIS

### A.   Rule 60(b)(6) Motion

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."[2]  *Gonzalez v. Crosby*, 545 U.S. 524,

---

[2] Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

5

528, 125 S. Ct. 2641, 2645 (2005). Because the rule undermines finality, relief pursuant to Rule 60(b) has been characterized as an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000).

Rule 60(b)(6), the particular provision under which Plaintiff brought this motion, permits a court to "relieve a party . . . from a final judgment" for "any . . . reason[,]" other than the five so enumerated, "that justifies relief." Fed. R. Civ. P. 60(b)(6). Plaintiff appears to argue that relief is justified in the instant case because statutory calculations show that Plaintiff qualified for a loan modification yet he did not receive one. He further argues that because he qualified for the loan modification, the foreclosure was prohibited under Michigan law. This line of argumentation is without merit and was squarely addressed, and rejected, in this Court's December 22, 2014 Opinion and Order. The Court, therefore, denies Plaintiff's request for relief pursuant to Rule 60(b)(6).

---

(3) fraud . . ., misrepresentation, or misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason that justifies relief.

6

**B.     Rule 59(e) Motion**

Federal Rule of Civil Procedure 59(e) permits motions to alter or amend judgment. "Relief under Rule 59(e) is available to correct a clear error of law, on the basis of newly discovered evidence or an intervening change in the law, or to prevent manifest injustice." *Ogden v. Fortress Group U.S.*, 550 F. App'x 283, 284 (6th Cir. 2014) (citing *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

Plaintiff seeks to alter or amend the Court's December 22, 2014 judgment, and further seeks to amend his complaint. Neither form of relief is warranted here, as Plaintiff has not pointed to a clear error of law, newly discovered evidence or an intervening change in the law, or to a manifest injustice warranting such relief. Instead, Plaintiff points to a complaint in *United States v. Bank of America*, No. 12-00361, a case filed in the United States District Court for the District of Columbia, which alleges that Wells Fargo wrongfully denied loan modifications to consumers across the country. It is entirely unclear from Plaintiff's brief what purpose the citation to this unrelated case is supposed to serve, but it does not serve as a basis for this Court to alter or amend its previous judgment.

Lastly, Plaintiff's brief includes a proposed second amended complaint. This proposed pleading seeks relief on the basis that Defendant acted improperly

7

during the loan modification process, which, as this Court has repeatedly stated, is insufficient to set aside the now complete foreclosure by advertisement.

Plaintiff is not entitled to relief pursuant to Rule 59(e).

### III. CONCLUSION AND ORDER

For the reasons stated herein, Plaintiff is not entitled to the relief sought in his post-judgment motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) or, in the alternative, for leave to amend complaint and alter or amend judgment pursuant to Rule 59(e) is **DENIED**.

Dated: March 25, 2015

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Keith J Mitan**
P.O. Box 251597
West Bloomfield, MI 48325

**Jeffrey C. Gerish, Esq.**
**Matthew J. Boettcher, Esq.**
**Patrick C. Lannen, Esq.**